Filed 1/21/25  P. v. Klene CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN GAVIN KLENE AND EDWARD R. DUMBRIQUE,<br><br>    Defendants and Appellants. | B330963<br><br>Los Angeles County<br>Super. Ct. No. YA033562 |

APPEAL from an order of the Superior Court of Los Angeles County, Amy N. Carter, Judge. Reversed and remanded with instructions.

Deirdre O' Connor, under appointment by the Court of Appeal, for Defendants and Appellants.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

This case involves two individuals, John Gavin Klene and Edward R. Dumbrique (appellants), who were convicted of murder in 1998, and have since been exonerated through habeas corpus proceedings. With over 25 years having passed since their wrongful murder convictions, appellants now seek to be found "factually innocent" by a preponderance of the evidence within the meaning of Penal Code section 1485.55, subdivision (b).[2] As counsel states in appellants' opening brief: "Put simply, this appeal isn't about money; it's about the system's acknowledgement of [appellants'] actual innocence and the permanent removal of these false accusations from the public record so that these two men can rebuild their lives free from the stigma of 'suspected murderer.'"[3]

_____

1     Because the issue presented in this appeal is narrow and straightforward, and because we are not publishing this opinion, we resolve this case by memorandum opinion. (See Cal. Stds. Jud. Admin., § 8.1.)

2     All undesignated statutory references are to the Penal Code. Section 1485.55, subdivision (b) provides: "In a contested or uncontested proceeding, if the court has granted a writ of habeas corpus or vacated a judgment pursuant to Section 1473.6 or paragraph (2) of subdivision (a) of Section 1473.7, the person may move for a finding of factual innocence by a preponderance of the evidence that the crime with which they were charged was either not committed at all or, if committed, was not committed by the petitioner."

3     Appellants' counsel has augmented the record to include documentation showing appellants have already obtained compensation from the California Victim Compensation Board ("the Board") for each day they were wrongfully imprisoned. In

In the trial court, the Los Angeles County District Attorney (District Attorney) conceded appellants had met their burden of demonstrating factual innocence by a preponderance of the evidence.[4] Instead of declaring appellants factually innocent under section 1485.55, however, the trial court concluded that section did not apply to appellants. The court instead concluded section 851.8 applied, and denied appellants relief under that statute. Appellants and the Attorney General all agree the trial court erred by concluding appellants did not fall under section 1485.55. The parties also agree the court erred by concluding section 851.8 applied to appellants. We agree with the parties.

The only issue in dispute on appeal is the proper remedy. The Attorney General argues the case should be remanded for the trial court to reevaluate appellants' petition under the correct statute. Appellants contend the proper remedy is for this court to

---

other words, appellants are not seeking to be declared factually innocent for purposes of obtaining compensation from the Board, as that relief has already been granted. (See § 1485.55, subdivision (a).)

4      The District Attorney noted, among other things, that "[t]he convictions in this case were based on [(1)] the testimony of an unreliable jailhouse informant who has since shown himself to be a liar and, by his own admission, an accessory to murder in a separate case, and [(2)] a recanting witness who was the sole eyewitness to the murder, and whose initial identifications no longer appear reliable." The District Attorney also noted that the only reason the sole eyewitness initially identified appellants (before later recanting that testimony) was because the investigating officers pointed them out as the culprits. The District Attorney additionally noted that eyewitness has no apparent stake in the outcome of this case, nor any apparent motivation to lie to help appellants.

either: (1) grant appellants' petition for a finding of factual innocence; or (2) remand the matter to the trial court with instructions to enter a finding of factual innocence. We agree with appellants. On this record, having thoroughly reviewed the overwhelming evidence exonerating appellants, we reach the following conclusion as a matter of law – that appellants are, within the meaning of section 1485.55, subdivision (b), factually innocent, by a preponderance of the evidence, of the murder of Antonio Alarcon.[5]

The matter is remanded to the trial court with instructions to declare appellants factually innocent under section 1485.55, subdivision (b). We conclude declaring appellants factually innocent in this regard would best serve the interest of justice. (See § 1260 [granting appellate courts broad discretion to fashion remedy that best serves principles of fairness and justice].)

---

[5] We agree with appellants' counsel's summation that the record contains "no evidence of guilt."

## DISPOSITION

We reverse the trial court's order denying appellants relief under section 1485.55. The matter is remanded to the trial court with directions to grant appellants' unopposed petition to be declared factually innocent.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.